UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIUS HOLLIS,

    Plaintiff,

v.

WILLIE O. SMITH, *et al.*,

    Defendants.

_____/

CASE NO. 1:08-CV-633

HON. ROBERT J. JONKER

## **ORDER ADDRESSING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 46) and Plaintiffs' Objections (docket # 47). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendants' motion for summary judgment (docket # 37) be granted. The Report and Recommendation concludes that (1) Defendants

Warden Smith, Deputy Warden Norwood, Grievance Coordinator Klinesmith and ARUS Kelley are entitled to summary judgment because Plaintiff Cornelius Hollis failed to exhaust his administrative remedies against them; (2) Defendant Olsen is entitled to summary judgment on the First Amendment retaliation claim, related to his transfer to another facility, because a transfer is not an adverse action and because Defendant Olsen did not have the power to order the transfer; and (3) Defendant Olsen is entitled to summary judgment on Plaintiff's due process claim, regarding a major misconduct charge that she filed against him, because a prisoner has no constitutional right to be free from false accusations of misconduct. None of Plaintiff's objections undermine these conclusions.

Plaintiff objects that he properly exhausted his claims against the individual Defendants. This contention is without merit. The record demonstrates that the only individual against whom he exhausted his administrative remedies is Defendant Olsen. *See Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also* Policy Directive 03.02.130 ¶ R (docket # 38-6); James Armstrong Affidavit and attachments (docket # 38-5).

Plaintiff also objects that, even if he did not exhaust his claims against Warden Smith and Grievance Coordinator Klinesmith, they are liable under a respondeat superior theory because he exhausted his claims against Defendant Olsen. This contention is without merit because there is no respondeat superior liability under 42 U.S.C. § 1983. *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (quotation omitted). For an individual to be liable, the individual must have "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* Accordingly, Warden Smith and Grievance Coordinator Klinesmith cannot be liable under a respondeat superior theory. *See id.*

Additionally, Plaintiff objects that his transfer to a facility farther from his family and counsel is a retaliatory action that would chill a person of ordinary firmness. This contention, too, is without

merit. *See Jewell v. Leroux*, No. 00-2139, 20 Fed. App'x 375, 378 (6th Cir. Sept. 21, 2001) (unpublished opinion) ("A transfer to the general population of another prison is not considered sufficiently adverse to deter a person of ordinary firmness from exercising his First Amendment rights.").

Accordingly, Defendants Warden Smith, Deputy Warden Norwood, Grievance Coordinator Klinesmith and ARUS Kelley are entitled to summary judgment because Plaintiff Cornelius Hollis failed to exhaust his administrative remedies against them; Defendant Olsen is entitled to summary judgment on the First Amendment retaliation claim as it relates to Plaintiff's transfer to another facility because a transfer is not an adverse action and because Defendant Olsen did not have the power to order the transfer; and Defendant Olsen is entitled to summary judgment on Plaintiff's due process claim because a prisoner has no constitutional right to be free from false accusations of misconduct.

After careful review of Plaintiff's complaint, however, the Court finds that Plaintiff also included in his complaint a second First Amendment retaliation claim against Defendant Olsen: specifically, that Defendant Olsen filed a false, major-misconduct charge against him in retaliation for his reporting her stealing to Warden Smith and Deputy Warden Norwood. (*See* Amd. Compl., docket # 36 ¶ 60). A prisoner's "oral and written complaints to a warden about the misconduct of the prisoner's job supervisor are protected speech under the First Amendment." *Davis v. Straub*, No. 07-cv-156, --- F. Supp. 2d ----, 2009 WL 4908433, *1, 2 (W.D. Mich. Dec. 11, 2009). And a false major misconduct charge, even a charge that later is determined to be unfounded, is an adverse action for purposes of the First Amendment that would deter a person of ordinary firmness from continuing to engage in protected activity. *Scott v. Stone*, No. 06-1622, 254 Fed. App'x 469, 472

(6th Cir. Nov. 13, 2007). Accordingly, Plaintiff has made out a claim for First Amendment retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (describing the elements of a First Amendment retaliation claim). Defendant Olsen did not move for or properly support a motion summary judgment on this claim. She therefore is not entitled to summary judgment on this claim, and the action cannot be dismissed in its entirety at this time.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed January 20, 2010, is approved and rejected in part, consistent with this Order.

**IT IS FURTHER ORDERED** that Defendants' motion to for summary judgment (docket # 37) is **GRANTED**. The action will proceed only on the remaining First Amendment retaliation claim against Defendant Olsen related to the major misconduct charge Defendant Olsen filed against Plaintiff.


Dated:  March 10, 2010            /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE